### GLENN OAKLEY V. THE STATE.

#### No. 11155.   Delivered December 21, 1927.

**1.—Carrying a Pistol—Impeaching Defendant—Collateral Offense—Held Improper.**

Where, on a trial for carrying a pistol, the appellant having testified
that he did not have a pistol at the time testified to by prosecuting witnesses,
it was reversible error to permit the state, on his cross-examination, to
prove by him that he was then under an indictment charging him with
assaulting the prosecuting witness with the same pistol on the night he
was arrested charged with carrying same.

**2.—Same—Continued.**

The defendant cannot be impeached by proving that he was charged
with an offense, neither a felony or a misdemeanor, involving moral turpi-
tude.   See Hardin v. State, 57 Tex. Crim. Rep. 401.

Appeal from 'the County Court-at-Law of Harris County.
Tried below before the Hon. Ben F. Wilson, Judge.

Appeal from a conviction for carrying a pistol, penalty thirty
days in the county jail.

The opinion states the case.

No brief filed for appellant.

*A. A. Dawson,* State's Attorney, for the State.

LATTIMORE, JUDGE.—Conviction for carrying a pistol, pun-
ishment thirty days in the county jail.

There seems no question from the state's testimony but that
appellant had the pistol on the occasion in question.   The state
witnesses testify positively to that fact.   Appellant and another

man testified equally as positively that appellant did not have a pistol on said occasion.

There are two bills of exception in the record. In our opinion the second of said bills manifests an error for which the case must be reversed. Appellant took the witness stand in his own behalf and denied having the pistol in question. Over objection he was compelled to answer a question propounded by the State's Attorney, who asked him if he was not then under indictment for aggravated assault for hitting the prosecuting witness on the night in question with the pistol he had that night. It is stated in the bill that the purpose of said question was to impeach appellant as a witness. Appellant objected to the question on the ground that the offense named in the indictment inquired about was neither a felony nor a misdemeanor which imputed moral turpitude, and proof that he was so charged could not form the basis of any impeachment; and for the further reason that the question would be getting before the court the fact that in the opinion of a grand jury appellant had carried a pistol on the night in question. We think the objection well taken. The prosecution in the instant case was upon complaint and information. Proof of the fact that appellant was under indictment for an aggravated assault alleged to have been committed with the pistol which he denied having on the night in question, would unquestionably bring before the trial court in this case the fact that a grand jury upon an investigation of the matter had concluded that the accused had made an assault on the night in question with a pistol. That twelve grand jurors believed that appellant had, and used, a pistol on such occasion might have affected the verdict herein. The opinion of the grand jury upon the facts before it should not have been put in evidence in this case. Nor do we believe the fact of being indicted for an aggravated assault like the one in the instant case, provable for purposes of impeachment. Hardin v. State, 57 Tex. Crim. Rep. 401.

The judgment will be reversed and the cause remanded.

*Reversed and remanded.*