Cipriano **VILLARREAL**, Appellant,

v.

**The STATE of Texas, Appellee.**

**No. 41356.**

Court of Criminal Appeals of Texas.

June 19, 1968.

Rehearing Denied July 24, 1968.

Marvin Foster, Corpus Christi, for appellant.

John H. Flinn, Dist. Atty., Gordon Gunter, Asst. Dist. Atty., Sinton, and Leon B. Douglas, State's Atty., Austin, for the State.

## OPINION

BELCHER, Judge.

The offense is assault with intent to murder; the punishment, three years.

The first ground of error is that the trial court excluded the testimony of To-var, the injured party, on cross-examination, that he had been indicted and convicted for aggravated assault upon Frutoso Garcia, Jr.

The misdemeanor conviction was not for an offense involving moral turpitude. The exclusion of such testimony was not error. The ground of error is overruled. 62 Tex.Jur.2d 244, Sec. 271; 1 Branch 2d 211, Sec. 191; Oakley v. State, 108 Tex.Cr.R. 371, 1 S.W.2d 294.

Error is urged on the ground that the trial court denied appellant's motion for a mistrial based upon the court's remarks in the presence of the jury.

This matter arose on cross-examination as follows:

"Q Now, before this trial got started Mr. Tovar didn't you tell me that you did not desire to testify against Cipriano (appellant) in this case?

"A I didn't have anything against him.

"Q That you didn't want him to be sent to jail or the penitentiary?

"A No.

"Q That's what you told me, isn't it?

"A Yes.

"Q Do you still feel that way?

"A You all put me on the stand over here, I am just going to tell the truth the way it happened, that's all.

"Q But you didn't want him to—

"The Court: Well, what he wants and doesn't want is immaterial, improper, don't ask him, that's for the jury to decide.

"Appellant's Counsel: Your Honor, I am going to object to the remarks of the Court.

"The Court: All right, the Court orders the jury not to consider the statements, the questions that you have asked him about what he wants done to the defendant for any purpose.

"Appellant's Counsel: I want the record then to reflect Your Honor, to show my objections to the Court's remarks.

"The Court: All right.

"Appellant's Counsel: The comment on the weight of the evidence.

"The Court: All right, it so shows I am sure.

"Appellant's Counsel: And I move for a mistrial at this time, Your Honor.

"The Court: Denied.

"Appellant's Counsel: The remarks have prejudiced the defendant's case to the jury. Is that motion denied?

"The Court: Yes.

"Appellant's Counsel: To which we except."

What the witness Tovar wanted pertained to the ultimate result of the case, invaded the province of the jury, and was inadmissible evidence. The remarks of the judge did not indicate to the jury the judge's opinion of the merits of the case or the credibility of the witness, and were not such a comment on the evidence as to call for a reversal.

Appellant's third, fourth, and fifth grounds of error relate to the court's charge.

In appellant's brief he complains of the trial court overruling his objections to the court's charge and denying his requested charges. To support his contentions he refers to certain pages in the transcript of the statement of facts.

The statement of facts reveals that the objections to the charge and the requested charges were made and written up after the charge was read to the jury. This procedure fails to comply with the requirements of Arts. 36.14 and 36.15, Vernon's Ann.C.C.P., that the defendant or his counsel present his objections and requested charges to the court before the charge is read to the jury. These articles are mandatory and a compliance with them is essential. Seefurth v. State, Tex.Cr. App., 422 S.W.2d 931; Bird v. State, Tex. Cr.App., 423 S.W.2d 919; Sockwell v. State, Tex.Cr.App., 429 S.W.2d 460, dated April 10, 1968.

The complaints directed to the court's charge cannot be considered.

The judgment is affirmed.