**Mike G. RODRIGUEZ, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 04–81–00037–CR.**

Court of Appeals of Texas,
San Antonio.

Nov. 25, 1981.

Robert W. Lord, San Antonio, for appellant.

Barry D. Brown, Asst. Dist. Atty., 218th Judicial Dist. of Texas, Karnes City, for appellee.

Before CADENA, C. J., and CLARK and BASKIN, JJ.

## OPINION

BASKIN, Justice.

This is an appeal from a conviction for voluntary manslaughter. Appellant was indicted for murder, and the jury convicted him of voluntary manslaughter. The court assessed punishment at two to five years in the Texas Department of Correction.

On June 1, 1977, appellant and one Clarence Johnson became involved in an argument. At times during the argument, Clarence Johnson brandished a comb, called an "Afro-rake," and appellant drew a pocketknife. Appellant stabbed Johnson in the chest one time with the pocketknife, and Johnson died the next day.

In his first point of error, appellant maintains that the charge to the jury was improper in that voluntary manslaughter is not a lesser included offense of murder. The court charged the jury as follows:

I. A person commits the offense of murder if he intentionally and knowingly causes the death of an individual or intends to cause serious bodily injury and commits an act clearly dangerous to human life that causes the death of an individual. The offense is voluntary

manslaughter if he intentionally or knowingly causes the death of an individual under the immediate influence of sudden passion arising from adequate cause.

The court also, after applying the law to the specific facts in this case with regard to murder and manslaughter, charged the jury:

If you should find from the evidence beyond a reasonable doubt that the defendant is guilty of murder or manslaughter, but you have a reasonable doubt as to which offense he is guilty, then you should resolve that doubt in the defendant's favor and find him guilty of the lesser offense of voluntary manslaughter.

Art. 37.09, Tex.Code Crim.Pro.Ann. (1974) defines lesser included offense in part as follows:

"An offense is a lesser included offense if:

(1) it is established by proof of the same or less than all the facts required to establish the commission of the offense charged;"

Appellant argues from that definition that voluntary manslaughter is not a lesser included offense of murder, because in addition to the requirements for proof of murder under § 19.02 of the Penal Code, voluntary manslaughter under § 19.04, is established by proof of one of the three circumstances constituting murder and in addition proof of sudden passion.

Appellant's first point is not well taken. This seems precisely the point disposed of in the case of *Humphries v. State*, 615 S.W.2d 737 (Tex.Cr.App.1981). In that case the court reiterated portions of its opinion in *Braudrick v. State*, 572 S.W.2d 709 (Tex.Cr. App.1978) in which it was held that acting "under the immediate influence of sudden passion arising from an adequate cause" is not an element of voluntary manslaughter but is instead in the nature of a defense to murder that reduces that offense to voluntary manslaughter. Since the appellant here stabbed the decedent during a heated argument, the trial court committed no error in the submission of a charge on voluntary manslaughter, a lesser included offense of murder.

 In his other ground of error, appellant contends that the trial court erred in charging the jury as to voluntary manslaughter because the evidence did not raise the issue of sudden passion. We have examined the record and conclude that it is replete with facts from which the jury could find that when he caused the death of Johnson, appellant was "under the immediate influence of sudden passion arising from an adequate cause." § 19.04, Tex.Penal Code Ann. (1974). The trial court committed no error in submitting a charge of voluntary manslaughter as a lesser included offense of murder under the facts in this case.

Judgment is affirmed.