**Pablo ROJAS, Appellant,**

v.

**STATE of Texas, Appellee.**

**No. 13–83–359–CR.**

Court of Appeals of Texas,
Corpus Christi.

Dec. 22, 1983.

Rehearing Denied Jan. 12, 1984.

assessed punishment at fifteen years in the Texas Department of Corrections.

The facts elicited at the penalty stage of the trial showed that appellant and his brother got into a fist fight with the deceased and the deceased's brother, David Trevino. This occurred in a bar in San Benito, Texas, and ended in Gregorio Trevino's death. As the Rojas brothers were leaving the scene, two witnesses testified that shots were fired. The brothers were arrested shortly after, and a knife and gun were recovered.

In appellant's first ground of error, he alleges the trial court erred in overruling his motion to dismiss the indictment because it charged multiple felony offenses. The indictment charged the defendant with unlawfully, intentionally and knowingly causing Trevino's death by stabbing him with a knife; and unlawfully with intent to cause serious bodily injury, intentionally and knowingly committing an act clearly dangerous to human life that caused the death of Trevino, such act being stabbing him with a knife. The indictment also alleged that appellant did unlawfully, intentionally and knowingly carry on and about his person a handgun, while on a certain premise that was licensed and had a permit issued by the State of Texas for the sale and service of alcoholic beverages.

This ground of error that was raised by the appellant is moot, since the other charges against appellant were not presented to the jury because of his plea of guilty to voluntary manslaughter. *Meeks v. State,* 653 S.W.2d 6 (Tex.Cr.App.1983); *Crocker v. State,* 573 S.W.2d 190, 205 (Tex. Cr.App.1978). Regardless, Tex.Code Crim. Proc.Ann. art. 21.24 (Vernon Supp.1982–1983) permits the state to allege more than one offense in a single indictment if the offense was committed in the same criminal transaction. *Meeks v. State,* 653 S.W.2d at 11. Here, the multiple counts alleged in the indictment arose out of the same series of acts constituting a single transaction. *See Crocker v. State,* 573 S.W.2d at 198. The indictment is not defective and no error is

L. Aaron Pena, Edinburg, for appellant.

Reynaldo S. Cantu, Jr., Dist. Atty., Brownsville, for appellee.

Before NYE, C.J., and YOUNG and UTTER, JJ.

## OPINION

NYE, Chief Justice.

This is an appeal from a conviction of voluntary manslaughter. Appellant pled guilty before the jury to the offense of voluntary manslaughter and elected to have the jury assess his punishment. The jury

shown. Appellant's first ground of error is overruled.

Appellant next alleges the trial court committed reversible error in refusing to admit the confession of the appellant at the penalty stage of the trial. Prior to appellant's testimony, appellant's counsel attempted to admit into evidence the written statement that appellant had given sheriff's deputies regarding what had happened on the night of Trevino's death. A deputy had already testified to its existence. The state objected, stating, "until such time as he testifies...." The objection was sustained.

The appellant then took the stand and described the events which took place on the evening of Trevino's death. He testified that on that evening, he was approached by an individual whom he didn't know. The individual asked him whether he was working at Tex-Steel in Harlingen, and he said, "What are you talking about?" At that point, appellant claimed that this individual (the deceased) said that he (appellant) wasn't "worth a damn" and "threw" a punch at appellant, hitting him on the face and causing him to fall down. A fight then ensued, resulting in appellant stabbing the deceased with a knife. Appellant described how he and his brother left the scene and fired a couple of shots into the air so they would not be pursued by any of the remaining bar patrons. He claimed the gun was in his car at this time.

Appellant contends tht the written confession was offered to rebut "the prosecution's charge of recent fabrication." Appellant does not point out where in the record the state claims a recent fabrication by the appellant. The state contends that the confession covers only basic facts of what happened that evening at the bar. Appellant's testimony at trial fairly tracks the written confession (which was admitted into evidence for purposes of the record only), with one inconsistency.

The appellant's testimony on cross-examination appears consistent with what he testified to on direct examination. However, appellant's written statement following the incident as it appears in his confession is as follows:

"I got up and his brother whom also I don't know grabbed me from behind. The fellow that had punched me got a cue stick and hit me on the right side of the face with it. I then grabbed him and we fell to the floor. As we hit the floor I got my buck knife out and stabbed this subject. Then his brother came at me and I swung at him also with the knife in order to keep him away."

This confession appears inconsistent with the testimony appellant gave at trial on direct and cross-examination in regard to when he was hit with a pool cue and appellant's position when he stabbed the deceased. In all other respects, his testimony at trial was very similar to his confession. To admit this confession would have simply served to impeach his prior testimony with regard to the specific point mentioned. In all other respects, it would have served to bolster appellant's testimony. Appellant has shown no harm by the trial court's failure to admit the confession. Appellant's second ground of error is overruled.

Appellant asserts as his third ground of error that the trial court erred in overruling his Motion in Limine and allowing evidence to be heard regarding an extraneous offense. The extraneous offense which appellant complains of is the unlawful carrying of a handgun while on premises that had a license to serve alcoholic beverages, an offense for which he was also indicted. The existence of a handgun came into evidence through the testimony of Javier Loredo, a Deputy Sheriff in Cameron County. Deputy Loredo testified that he had talked with the Rojas brothers after they were arrested by the San Benito Police Department. The knife in question was entered into evidence during Loredo's testimony, followed by the gun, which Loredo said he recovered from under the dashboard of the 1973 Monte Carlo belonging to appellant. The ammunition rounds that were admitted into evidence were taken out of the .22 caliber pistol. They showed that three rounds had been fired and three had not.

It is an established principle of evidence that proof of prior specific acts of misconduct, similar happenings or extraneous transactions committed by a party is not probative of the contested material issues in the case on trial, and is, therefore, inadmissible. *Elkins v. State,* 647 S.W.2d 663 (Tex.Cr.App.1983). However, where the offense is one continuous transaction, or another offense is a part of the case on trial or blended or closely interwoven, proof of all facts is proper. *Welch v. State,* 543 S.W.2d 378 (Tex.Cr.App.1976). The reason for admissibility in this circumstance is that events do not occur in a vacuum, and a jury has the right to hear what occurred immediately before and after the commission of the act so that they may realistically evaluate the evidence. *Archer v. State,* 607 S.W.2d 539, 542 (Tex.Cr.App.1980) cert. denied 452 U.S. 908, 101 S.Ct. 3037, 69 L.Ed.2d 410 (1981). It appears that the firing of the shots, as later testified to by the appellant in this case, was properly admissible in order for the jury to get a complete understanding of all of the events surrounding Trevino's death. Appellant's third ground of error is overruled.

Appellant claims in his fourth ground of error that the trial court committed reversible error in refusing to charge the jury on the availability and nature of probation as an alternative form of punishment. Appellant's objection to the charge was made after the court read the charge to the jury and the jury retired to the deliberation room. The objection, having not been made before the charge was read to the jury, is not timely made and cannot be considered on appeal. *Villarreal v. State,* 429 S.W.2d 508 (Tex.Cr.App.1968). Compliance with the requirements of Tex.Code Crim.Proc.Ann. art. 36.15 is essential. See *Villarreal v. State,* 429 S.W.2d at 510. Appellant's fourth ground of error is overruled.

The judgment of the trial court is affirmed.