Scott **KIMES**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 13–87–087–CR.

Court of Appeals of Texas,
Corpus Christi.

Dec. 17, 1987.

James Lawrence, Corpus Christi, for appellant.

Grant Jones, Corpus Christi, for State.

Before UTTER, KENNEDY, and BENAVIDES, JJ.

## OPINION

UTTER, Justice.

Appellant was convicted of intentionally causing the death of Helga Berrott for remuneration or the promise thereof, to be paid by co-defendant George Hendon. After the jury returned a negative response to the question concerning the probability appellant would commit future criminal acts of violence that would constitute a continuing threat to society, the trial court automatically assessed punishment at life in accordance with Tex.Code Crim.Proc. Ann. art. 37.071(e) (Vernon Supp.1987). We affirm the judgment of the trial court.

Appellant contends in his first point of error that there was no evidence that appellant killed the deceased; that he intentionally did so; and that he did so for remuneration or the promise thereof.

In reviewing the sufficiency of the evidence in a circumstantial evidence case, an appellate court looks at all the evidence in the light most favorable to the verdict or judgment and determines whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Houston v. State*, 663 S.W.2d 455 (Tex.Crim.App.1984). In *Russell v. State*, 665 S.W.2d 771, 776 (Tex. Crim.App.1983), the Court wrote:

In circumstantial evidence cases it is not necessary, however, that every fact point directly and independently to the defendant's guilt. It is enough if the conclusion is warranted by the combined and cumulative force of all the incriminating circumstances. *Flores v. State*, supra; *Mills v. State*, 508 S.W.2d 823 (Tex. Cr.App.1974); *Herndon v. State*, 543 S.W.2d 109 (Tex.Cr.App.1976). The rules of circumstantial evidence do not require that the circumstances should to a moral certainty actually exclude every hypothesis that the act may have been committed by another person, but the hypothesis intended is a reasonable one consistent with the circumstances and facts proved, and the supposition that the act may have been committed by another person must not be out of harmony with the evidence. *Jones v. State*, 442 S.W.2d 698 (Tex.Cr.App.1969); *Taylor v. State*, 87 Tex.Cr.R. 330, 221 S.W. 611, 615 (Tex.Cr. App.1920); *Flores v. State*, supra; *Nathan v. State*, supra at p. 75.

■ The record reflects that appellant was actively contemplating the murder during the two weeks prior to its commission. Anthony Shaw, appellant's roommate, testified that appellant asked him to participate in the murder. Shaw refused. The night before the murder, appellant, accompanied by Christina Cobb, his girlfriend, and George Hendon, participated in the purchase of a .32–20 caliber Colt Police Positive revolver which was subsequently fitted with a homemade "silencer." Charles Parker, a ballistics identification analyst, testified that the bullet recovered from the deceased's body could have come from such a gun. There is apparently no indication of appellant's whereabouts on the day of the murder from the time he allegedly went to work around 6:00–6:30 a.m. until he saw Shaw when "the sun was on the horizon." Moreover, appellant, upon Shaw's arrival at the apartment, asked Shaw to give him an alibi by saying, "If anybody asks you why the bikes are warm, tell them we just went out to breakfast." The record further reveals the murder was apparently committed just as appellant had previously described to Shaw; i.e., by beating and then shooting the victim in the early hours of the morning.

On the day of the murder, appellant, as he was moving out of the apartment, pointed his finger at Shaw and said, "There's only three people that know about this, George [Hendon], me, and you." Finally, laboratory analysis indicated that the blood on appellant's jeans matched the deceased's blood antigen A and her type one ADA enzyme marker. Roxana Payne, a forensic serologist, testified only 36% of the population carries such a combination. We conclude that this evidence, together with the additional evidence later set forth herein, is sufficient to show appellant either murdered or participated in the murder of the deceased.

■ Appellant also asserts that there was insufficient evidence to prove appellant intentionally murdered the deceased. The indictment here charges that appellant "intentionally cause[d] the death of Helga Berrott ... by shooting Helga Berrott with a firearm...." A person acts with intent with respect to the nature of his conduct when it is his conscious objective or desire to engage in the conduct or cause the result. Tex.Penal Code Ann. § 6.03(a) (Vernon 1974). Intent may be inferred from the acts, words and conduct of the accused. *Dues v. State*, 634 S.W.2d 304, 305 (Tex. Crim.App.1982); *Gutierrez v. State*, 672 S.W.2d 633, 635 (Tex.App.—Corpus Christi 1984), *aff'd*, 741 S.W.2d 444 (Tex.Crim. App.1987).

The trier of facts may infer intent to kill from any facts in evidence which, to his mind, proves the existence of intent to kill. *King v. State*, 631 S.W.2d 486, 503 (Tex. Crim.App.), *cert. denied*, 459 U.S. 928, 103 S.Ct. 238, 74 L.Ed.2d 188 (1982); *Palafox v. State*, 484 S.W.2d 739, 743 (Tex.Crim.App. 1972); *Gutierrez*, 672 S.W.2d at 636. The evidence stated above, coupled with Dr. Rupp's testimony that the gunshot was fired approximately three to four inches from the deceased's head, was sufficient to show appellant intentionally murdered the deceased.

■ Appellant also challenges the sufficiency of the evidence to show that the murder was committed for remuneration or the promise thereof. The State correctly asserts that the focus of the criminal culpability is upon the appellant's state of mind; i.e., whether the evidence adduced at trial shows appellant expected to be paid, and that he acted out of an expectation that he would be paid. *McManus v. State*, 591 S.W.2d 505, 513 (Tex.Crim.App.1979).

The record shows appellant expected to be paid for the deceased's murder and that he acted with that expectation. Appellant told Shaw he knew a way to make money and offered to split the one thousand dollars Hendon had promised appellant for the murder of the lady who was going to testify against Hendon at trial, if Shaw would assist him in her murder. Shaw refused to participate and was therefore not an accomplice. Doug Cooke, appellant's employer, testified appellant had not been paid since August 8, 1986 ($164.56) and was not paid again until August 22, 1986 ($186.47).

Harry Roth, manager of the Suzuki Agency, stated, however, that appellant paid $384.75 in cash on August 20, 1986 to pay off his motorcycle. This circumstantial evidence sufficiently established that appellant murdered the deceased for remuneration or the promise thereof. *Anderson v. State,* 717 S.W.2d 622, 631 (Tex.Crim.App. 1986).

The evidence, therefore, was sufficient to support the verdict. Appellant's first point of error is overruled.

■ In his second point of error, appellant contends the trial court erred in denying his motion to quash the indictment and declare it void because a member of the grand jury knew the deceased fairly well and the trouble she had had with appellant. Appellant alleges that because of the grand juror's knowledge, the grand jury could not have acted in an unbiased manner.

■ Appellant failed to offer any evidence at a pre-trial hearing showing the grand juror was either biased, or due to some bias, effected the rendition of an improper indictment. *Russell v. State,* 598 S.W.2d 238, 249 (Tex.Crim.App.1980), *cert. denied,* 449 U.S. 1003, 101 S.Ct. 544, 66 L.Ed.2d 300 (1980). Moreover, the grand juror was not subject to disqualification pursuant to Tex.Code Crim.Proc.Ann. §§ 19.08, 19.31 (Vernon Supp.1987); *see also Lamkin v. State,* 165 Tex.Cr.R. 11, 301 S.W.2d 922, 926 (1957). When a legally constituted Grand Jury returns an indictment which is valid on its face, it is sufficient to call for a trial on the merits. *Tarpley v. State,* 565 S.W.2d 525, 532 (Tex. Crim.App.1978); *Burkhalter v. State,* 655 S.W.2d 215, 223 (Tex.App.—Corpus Christi 1982), *pet. dism'd,* 655 S.W.2d 208 (Tex. Crim.App.1983). Appellant's second point of error is overruled.

■ In his third point of error, appellant asserts the trial court erred in admitting into evidence a post-autopsy photograph of the deceased's skull. Appellant contends the photograph was not probative of any issue in the case and was introduced solely to inflame the minds of the jurors.

The photograph was introduced into evidence during the testimony of Dr. Joseph Rupp, the Nueces County Medical Examiner, and depicts an "exposed" skull. It was used to show the location of the gunshot wound as it entered the skull, the actual fracturing of the skull, and the bruising of the scalp resulting from the gunshot wound and lacerations sustained to the head. The autopsy did not result in massive mutilation and massive obfuscation of the results of the crime such as those found in *Terry v. State,* 491 S.W.2d 161, 163–64 (Tex.Crim.App.1973).

The admission of photographs rests within the discretion of the trial judge. *Lanham v. State,* 474 S.W.2d 197, 199 (Tex. Crim.App.1972). The controlling factor is whether its probative value was greatly outweighed by its prejudicial effect. *Reimer v. State,* 657 S.W.2d 894, 897–98 (Tex.App.—Corpus Christi 1983, no pet.). The photograph was probative, as in any homicide, to reveal the manner of death and clarify the medical examiner's observations and conclusions concerning the wound sustained by the deceased. *William v. State,* 604 S.W.2d 146, 148–49 (Tex.Crim. App.1980); *Guzman v. State,* 649 S.W.2d 77, 80 (Tex.App.—Corpus Christi 1982, no pet.). It was not offered for the sole purpose of inflaming the minds of the jurors. The trial court did not abuse its discretion. Appellant's third point of error is overruled.

■ Appellant contends in his fourth point of error that the trial court erred in including the lesser included offense of murder in its charge to the jury. Appellant claims that although the lesser included offense of murder was included within the proof necessary to establish the capital murder charged, there was no evidence in the record to show that if the appellant was guilty, he was only guilty of the lesser included offense of murder. *Royster v. State,* 622 S.W.2d 442, 446–47 (Tex.Crim. App.1981); *McBrayer v. State,* 504 S.W.2d 445, 447 (Tex.Crim.App.1974).

The court specifically instructed the jury to consider the lesser included offense of murder only after making a negative find-

ing on the capital murder charge. The jury, therefore, having found appellant guilty of capital murder, never had the opportunity to consider the lesser included offense of murder. Further, we have examined the record and conclude it is replete with facts from which the jury could find appellant guilty of only the lesser included offense of murder. *Cf. Humphries v. State,* 615 S.W.2d 737, 738 (Tex.Crim.App. 1981); *Rodriguez v. State,* 625 S.W.2d 97, 98 (Tex.App.—San Antonio 1981, no pet.).

The trial court did not err in submitting the lesser included offense of murder in the charge to the jury. Appellant's fourth point of error is overruled.

Appellant's fifth and sixth points of error contend the trial court erred in refusing to insert appellant's requested definition of "a continuing threat to society" and "criminal acts of violence" in the jury charge during the punishment stage. The jury returned a negative response to the issue condemning such language. No error is shown. Appellant's fifth and sixth points of error are overruled.

Appellant asserts in his seventh point of error that the trial court erred in admitting Anita Marine's testimony concerning George Hendon's two unsuccessful attempts to purchase a gun from her. Appellant contends the testimony was both hearsay and irrelevant.

Marine's testimony was to provide background information to the jury and circumstances leading up to the deceased's murder. *Porter v. State,* 623 S.W.2d 374, 374 (1981); *Nixon v. State,* 587 S.W.2d 709, 711 (Tex.Crim.App.1979). From this testimony the jury could have inferred or not inferred that Hendon intended to shoot the deceased. By being informed of all the circumstances leading up to the murder, the jury was more aptly prepared to evaluate the evidence. *Nixon,* 587 S.W.2d at 711; *Rojas v. State,* 662 S.W.2d 466, 468–69 (Tex.App.—Corpus Christi 1983, pet. ref'd); *Calamanco v. State,* 650 S.W.2d 913, 916–17 (Tex.App.—San Antonio 1983, pet. ref'd).

We also conclude Marine's testimony was relevant to a material issue in this case, that appellant was paid or was promised payment for the deceased's murder. The testimony showed that Hendon was actively seeking to purchase a gun just prior to the deceased's being shot. Thus, the testimony not only served to prove or disprove Hendon's intent to kill, but also the desired manner of death, by gunshot.

In a case dependent on circumstantial evidence for its proof, the rules of evidence will not be so stringently applied so as to exclude evidence which sheds light on the occurrence. *Bailey v. State,* 532 S.W.2d 316, 319 (Tex.Crim.App.1976); *cf. Burns v. State,* 556 S.W.2d 270, 282 (Tex. Crim.App.1977), *cert. denied,* 434 U.S. 935, 98 S.Ct. 422, 54 L.Ed.2d 294 (1977). The determination of whether evidence is relevant to any issue in the case lies within the sound discretion of the trial court and will not be disturbed absent a clear abuse of that discretion. *Johnson v. State,* 698 S.W.2d 154, 160 (Tex.Crim.App.1985), *cert. denied,* —— U.S. ——, 107 S.Ct. 239, 93 L.Ed.2d 164 (1986). Thus, although standing alone, Marine's testimony might not be relevant, when viewed in light of the surrounding circumstances the relevancy of the evidence becomes clear. *Bailey,* 532 S.W.2d at 319–20. Appellant's seventh point of error is overruled.

The judgment of the trial court is AFFIRMED.