NO.
12-05-00224-CR

 

IN THE COURT OF APPEALS

 

TWELFTH COURT OF APPEALS DISTRICT

 

TYLER, TEXAS

 

 

DARLA
SUE BARRETT,     §          APPEAL FROM THE 

APPELLANT

 

V.        §          COUNTY
COURT AT LAW OF

 

THE
STATE OF TEXAS,

APPELLEE   §          CHEROKEE
COUNTY, TEXAS

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 

 



MEMORANDUM OPINION

            Darla Sue
Barrett appeals her conviction for driving while intoxicated.  In four issues, she complains that the trial
court erred when it corrected the jury charge after it had been read to the
jury, the jury charge in the guilt/innocence portion of the trial was
defective, and there was insufficient evidence of a prior conviction.  We affirm. 


 

Background

            A
Department of Public Safety Trooper stopped Appellant’s vehicle early in the
morning of September 1, 2002 in Cherokee County, Texas.  The trooper observed Appellant’s vehicle make
a wide turn and overshoot a stop sign. 
Upon stopping the vehicle, the trooper observed that Appellant appeared
to be intoxicated and smelled of the odor of an alcoholic beverage.  The trooper administered three standardized
field sobriety tests and offered to allow Appellant to provide a specimen of
her breath.  Appellant refused the breath
test, and the trooper arrested her for driving while intoxicated.  








            The
State charged Appellant by information with driving while intoxicated and
further alleged that she had a prior conviction for driving while
intoxicated.  The charging information
alleged that the present offense occurred “on or about the 2nd day of
September, A.D., 2002.”  Appellant
pleaded not guilty and the case was tried to a jury.  The trial court prepared a jury charge at the
conclusion of the presentation of evidence. 
The court gave each side an opportunity to object to the charge and
neither did.  Moments after the charge
was read, and before closing argument began, the State realized that the charge
did not include the “on or about” language from the charging information.  The State asked that the error be
corrected.  Over Appellant’s objection,
the trial court prepared and read a corrected jury charge and instructed the
jury to disregard the first charge.  

            The
jury found Appellant guilty, and she elected to have the trial court assess her
punishment.  The State abandoned the
enhancement allegation at the punishment hearing.  The trial court assessed punishment at one
hundred eighty days, suspended the sentence, and placed Appellant on community
supervision for eighteen months with a fine of $1,500.00.  This appeal followed.  

 

Correcting the Jury Charge

            In
her first issue, Appellant argues that the trial court erred when it corrected
the jury charge after it had been read to the jury.

            While
the first charge is not included in the record, it appears that the trial court
read a charge that authorized the jury to find Appellant guilty if it found
that she operated a vehicle while intoxicated on September 2, 2002.  Appellant was arrested on September 1, 2002,
and the State alleged that the offense had occurred “on or about” September 2,
2002.  After realizing the error, and
before argument began, the State asked the trial court to correct the charge to
reflect the “on or about” language from the charging information.  

            Appellant
objected, and on appeal she claims that this correction violates Articles 36.14
and 36.15 of the Texas Code of Criminal Procedure.  In addition, Appellant cites Rojas v.
State, 662 S.W.2d 466, 469 (Tex. App.–Corpus Christi 1983, pet ref’d)
and Sockwell v. State, 429 S.W.2d 460 (Tex. Crim. App. 1968) to
support her argument.  But these authorities
stand for the proposition that a complaint about a charge is preserved only if
made before the charge is read to the jury. 
They do not address the correction of a typographical error in the
charge. 








            This
issue is not about preservation of error. 
The court of criminal appeals has interpreted Article 36.16 of the Texas
Code of Criminal Procedure to permit a trial court to withdraw and correct a
jury charge if convinced an erroneous charge has been given.  Smith v. State, 898 S.W.2d 838,
854 (Tex. Crim. App. 1995) (citing Bustillos v. State, 464 S.W.2d
118, 125–26 (Tex. Crim. App. 1964)). 
Furthermore, Article 36.19 of the Code of Criminal Procedure holds that
a case “shall not be reversed” for failure to follow Articles 36.14 or 36.15
unless the error was calculated to injure the rights of the defendant or unless
it appears that the defendant did not receive a fair and impartial trial. 

            The
trial court corrected a typographical error in the jury charge.  The correction was made before argument began
and did not injure Appellant’s rights or deny her a fair and impartial
trial.  We overrule Appellant’s first
issue.

 

Defective Jury Charge

            In
her second issue, Appellant complains that the jury charge was defective
because it did not contain the allegation that she had been previously
convicted of driving while intoxicated.       When
a case is tried to a jury, a trial court must submit the question of guilt or
innocence on the principal charge to the jury before it conducts a punishment
hearing to consider enhancement allegations. 
Tex. Code Crim. Proc. Ann.
art. 36.01(a)(1) (Vernon 2005); Frausto v. State, 642 S.W.2d 506,
508 (Tex. Crim. App. 1982).  The trial
court followed this procedure.  The court
instructed the jury to determine whether Appellant was guilty of driving while intoxicated.  The jury was not asked, at that time, whether
the enhancement allegation was true. 

            Appellant
could have requested the jury to consider, in a single proceeding, whether she
was guilty of the present offense and whether she had previously been convicted
of driving while intoxicated.  Although
it is not clear why any person would wish to do this, this complaint is waived
because Appellant did not request a unitary trial or object to the procedure
employed by the trial court.  See Tex. R. App. P. 33.1(a)(1)(A).  We overrule Appellant’s second issue.

 

Sufficiency of the Evidence

            In
her third and fourth issues, Appellant complains that the evidence is
insufficient to prove that she had previously been convicted of driving while
intoxicated as alleged in the charging information.  The State abandoned the enhancement
allegation at the punishment hearing. 
The written judgment of the trial court shows that Appellant was
convicted of driving while intoxicated as a class B misdemeanor, the unenhanced
offense.  The punishment is within the
range provided for a class B misdemeanor. 
We overrule Appellant’s third and fourth issues.








 

Disposition

            We
affirm the judgment of the trial court.

 

 

                                                                                                     JAMES T. WORTHEN    

                                                                                                                 Chief Justice

 

 

Opinion delivered June 7, 2006.

Panel consisted of
Worthen, C.J., Griffith, J., and DeVasto, J.

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

(DO NOT PUBLISH)