**Reversed and Remanded and Opinion Filed February 6, 2024**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-22-00113-CR

**DAVION VAN QUINN SCOTT, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 265th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. F-2075064-R**

## MEMORANDUM OPINION

Before Justices Carlyle, Goldstein, and Kennedy
Opinion by Justice Goldstein

Appellant Davion Van Quinn Scott was convicted of murder by a jury, *see* TEX. PENAL CODE ANN. § 19.02, and sentenced to forty years' confinement by the trial court. In two issues, appellant asserts that the trial court erred by (1) excluding evidence he offered in support of his self-defense theory and (2) overruling his objection to the self-defense portion of the court's jury charge. We do not reach the first issue, as we conclude that the trial court erred in its jury charge and such error resulted in egregious harm. We therefore reverse and remand this cause for a new trial.

# BACKGROUND

On January 11, 2020, appellant was staying at a motel in Dallas, Texas, and had several guests over. Appellant and one of the guests, Urian Dickerson, got into an argument, and the two men agreed to go "fight" off hotel property. Appellant and Dickerson continued to argue outside the motel room and on to the shopping center across the street. The argument drew attention from people in the shopping center, including Andre Menefee, a drug dealer. Menefee attempted to diffuse the argument, telling the two men to "chill out" because they were "making the block hot"; that is, potentially drawing unwanted attention by police. Dickerson and appellant walked away from each other but continued arguing, with Menefee standing to the side watching.

Surveillance footage from multiple cameras at the shopping center captured what happened next from various angles. As he was walking away, appellant turned and yelled something toward Dickerson. Appellant then turned and continued walking away, at which point Menefee started approaching him. Appellant turned to face Menefee, who continued approaching appellant. The surveillance footage contains no audio, and the evidence conflicts as to what Menefee said to appellant as he approached. Appellant pulled a gun from his back pocket and shot Menefee. Appellant is seen on surveillance running through the shopping center. Bystanders called 911, and police and paramedics were dispatched to the scene. Menefee was

transported to a hospital and pronounced dead. A Dallas County medical examiner determined that Menefee died as a result of gunshot wounds.

Appellant was indicted for murder and tried by jury. At the close of evidence, the trial court held a charge conference outside the presence of the jury. Appellant's only objection to the charge was that it lacked an instruction regarding the presumption under section 9.31(a). The trial court denied the request thus overruling the instruction. Defense counsel confirmed there was no other objection to the Court's charge.

In the presence of the jury, the trial court read the charge, and both sides presented closing argument. Before the jury began its deliberation,[1] the trial court excused the jury to consider an objection by appellant to the charge, initially presented as a typographical error, asserting "that paragraph should end with the jury being instructed that, if they find those things true that are contained in that paragraph, then they would be compelled to find the defendant *not* guilty of the offense of murder." (emphasis added). Appellant argued that the such error in the charge constituted a misstatement of the law urging "that the law in self-defense is very clear that a self -- that a reasonable doubt about self-defense would mean that the -- the jury shall acquit the defendant." The trial court overruled the objection. The jury returned a guilty verdict and, after the punishment phase, the trial court

---

[1] In light of the COVID-19 pandemic, the trial court explained to the jurors that they would conduct their deliberations in the courtroom so that they would have space to socially distance from each other. Thus, the jury had not yet begun its deliberation when appellant made this objection.

entered a judgment of guilty and sentenced appellant to forty years' confinement. This appeal followed.

## DISCUSSION

Appellant raises two issues on appeal. We address only the second issue, as its resolution is dispositive. Appellant contends that the trial court's charge to the jury was erroneous because it instructed the jury to convict, rather than acquit, if the jury had a reasonable doubt whether appellant was justified in using deadly force. The State concedes that this portion of the charge was erroneous but argues that it did not result in egregious harm, which the State contends is the appropriate standard given appellant's untimely objection to the charge.

### A.    Standard of Review

Our review of the charge requires us first to determine whether there is error in the jury charge. *Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim. App. 1984), *superseded on other grounds by rule as stated in Rodriguez v. State*, 758 S.W.2d 787 (Tex. Crim. App. 1988). If there is error, then we next determine whether "the error in the charge was the subject of a timely objection in the trial court[.]" *Id.* If the appellant raised a timely objection in the trial court to the error, then the appellate court must reverse the trial court's judgment if the error "is calculated to injure the rights of the defendant." TEX. CODE CRIM. PROC. ANN. art. 36.19; *Almanza*, 686 S.W.2d at 171. This standard requires proof of no more than "some harm to the accused from the error." *Almanza*, 686 S.W.2d at 171. If the appellant did not raise

–4–

the error at trial, then the appellant can prevail "only if the error is so egregious and created such harm that he 'has not had a fair and impartial trial'—in short 'egregious harm.' " *Id.* "In both situations the actual degree of harm must be assayed in light of the entire jury charge, the state of the evidence, including the contested issues and weight of the probative evidence, the argument of counsel and any other relevant information revealed by the record of the trial as a whole." *Id.*

### B. Charge Error

Appellant contends that the charge improperly instructed the jury as to self-defense. The State concedes the error. Although we are not bound by the State's concession,[2] in this instance we agree that the charge contained an error.

A person is justified in using force against another when and to the degree he reasonably believes the force is immediately necessary to protect against the other's use or attempted use of unlawful force. TEX. PENAL CODE ANN. § 9.31(a). A person is justified in using deadly force against another if he would be justified in using force, and he reasonably believes deadly force is immediately necessary to protect himself against the other's use or attempted use of unlawful deadly force. *Id.* § 9.32(a). The evidence does not have to show that the victim was actually using or attempting to use unlawful deadly force because a person has the right to defend himself from apparent danger as he reasonably apprehends it. *Jordan v. State*, 593

---

[2] *Hankston v. State*, 656 S.W.3d 914, 918 (Tex. App.—Houston [14th Dist.] 2022, pet. ref'd) ("[T]his court is not bound by the State's concession regarding an issue of law.") (citing *Oliva v. State*, 548 S.W.3d 518, 520 (Tex. Crim. App. 2018)).

S.W.3d 340, 343 (Tex. Crim. App. 2020) (citing *Hamel v. State*, 916 S.W.2d 491, 493 (Tex. Crim. App. 1996)).

A defendant has the burden of producing some evidence to support a claim of self-defense. *Zuliani v. State*, 97 S.W.3d 589, 594 (Tex. Crim. App. 2003). The State has the burden of persuasion in disproving self-defense. *Saxton v. State*, 804 S.W.2d 910, 913 (Tex. Crim. App. 1991). This burden does not require the State to produce evidence refuting the self-defense claim; rather, the burden requires the State to prove the offense charged in its case-in-chief beyond a reasonable doubt. *Id.* Regardless of the strength or credibility of the evidence, a defendant is entitled to an instruction on any defensive issue that is raised by the evidence. *Jordan*, 593 S.W.3d at 343; *Hamel*, 916 S.W.2d at 493. If the defendant shows entitlement to a jury instruction on self-defense, "[t]he jury must be instructed *to acquit* the defendant if they believe that he was acting in self-defense or have a reasonable doubt thereof." *Russell v. State*, 834 S.W.2d 79, 82 (Tex. App.—Dallas 1992, pet. ref'd) (emphasis added).

Here, the jury charge set forth the law of self-defense and, in two application paragraphs, instructed the jury as follows:

> Now bearing in mind the foregoing definitions, instructions, [*sic*] if you believe from the evidence beyond a reasonable doubt that the defendant is guilty of the offense defined in this charge, but you further find from the evidence, or have a reasonable doubt thereof, that the defendant reasonably believed that deadly force when and to the degree used, if it was, was immediately necessary to protect himself against the use or

–6–

attempted use of unlawful deadly force by [Menefee], if any, you will acquit the defendant and say by your verdict not guilty.

If you are unable to agree, or if you have a reasonable doubt thereof, that the Defendant was justified in using deadly force against [Menefee] in self-defense then you will find the defendant guilty of the offense of murder, as charged in the indictment.

Appellant complains that these two sentences irreconcilably conflict with each other, instructing the jury to simultaneously acquit and convict him if they have a reasonable doubt as to whether he acted in self-defense. Appellant also argues that the second instruction impermissibly shifts the burden to him to prove self-defense.

We agree on both points. The two sentences are almost identical in meaning, with the exception that the second sentence does not include the condition that the jury must first have found appellant guilty of the charged offense of murder beyond a reasonable doubt.[3] Both sentences include the phrase "have a reasonable doubt thereof," qualifying defendant's use of deadly force in self-defense.[4] Although the first sentence correctly instructed the jury, if after believing beyond a reasonable doubt that defendant is guilty of the offense of murder, to acquit appellant if they found from the evidence or had a reasonable doubt as to self-defense, the second sentence incorrectly instructed the jury to convict if they are unable to agree or had reasonable doubt that defendant was justified in using deadly force. *See Russell*, 834

---

[3] As appellant does not assert on appeal that the jury charge is erroneous on the ground that the second instruction lacks this condition, we do not address it here.

[4] The first instruction couches self-defense in terms of appellant's reasonable belief as to whether his use of deadly force was immediately necessary, while the second instruction does so in terms of justification in using deadly force. TEX. PENAL CODE ANN. §§ 9.31, 9.32.

S.W.2d at 82. Moreover, the second sentence, by inartfully requiring conviction if self-defense was not proven beyond a reasonable doubt, impermissibly shifted the burden on the issue of self-defense from the State to appellant.

We agree with the parties and conclude that the second application sentence quoted above was an erroneous statement of the law regarding self-defense.

## C. Harm

Having found error in the charge, we now turn to the question of harm. As a threshold issue, we must consider which standard of harm applies. *Almanza*, 686 S.W.2d at 171. Appellant argues that we must apply the "some harm" standard because he objected to the charge in the trial court. The State argues that we must apply the "egregious harm" standard because appellant's objection was untimely. We agree with the State. An objection to the jury charge is timely if it is made in writing or on the record before the judge reads the charge to the jury. *See* TEX. CODE CRIM. PROC. ANN. arts. 36.14–.15; *Villarreal v. State*, 429 S.W.2d 508, 511 (Tex. Crim. App. 1968); *Rojas v. State*, 662 S.W.2d 466, 469 (Tex. App.—Corpus Christi–Edinburg 1983, pet ref'd). Here, appellant lodged his objection after the charge was read to the jury; therefore, the objection was untimely. We must therefore consider whether appellant suffered egregious harm from the trial court's erroneous charge.

An egregious harm determination must be based on a finding of actual rather than theoretical harm. *Cosio v. State*, 353 S.W.3d 766, 777 (Tex. Crim. App. 2011). For actual harm to be established, the error must affect the very basis of the case,

deprive the defendant of a valuable right, or vitally affect a defensive theory. *Cosio*, 353 S.W.3d at 777; *Ngo v. State*, 175 S.W.3d 738, 743–44 (Tex. Crim. App. 2005). The degree of harm is determined "in light of the entire jury charge, the state of the evidence, including the contested issues and weight of probative evidence, the argument of counsel and any other relevant information revealed by the record of the trial as a whole." *See Almanza*, 686 S.W.2d at 171.

We find instructive a recent case from the Texas Court of Criminal Appeals. *Alcoser v State*, 663 S.W.3d 160 (Tex. Crim. App. 2022). In *Alcoser*, the jury charge

> 'required the jury to acquit appellant if they believed that he was acting in self-defense or the jury had a reasonable doubt thereof,'" and it contained instructions on the presumption of innocence, which we said, when viewed as a whole, properly places the burden on the State to show beyond a reasonable doubt that Appellant was not acting in self-defense.

*Alcoser*, 663 S.W.3d at 169 (quoting *Luck v. State*, 588 S.W.2d 371, 375 (Tex. Crim. App. 1979). However, the court explained:

> When self-defense is law applicable to the case, the trial court must inform the jury under what circumstances it should acquit a defendant of an offense based on self-defense. Here, there are no such instructions in the charge, nor any other instructions that would clarify the issue.

*Id.* (internal citations omitted) (citing *Mendez v. State*, 545 S.W.3d 548, 556 (Tex. Crim. App. 2018); *Barrera v. State*, 982 S.W.2d 415, 417 (Tex. Crim. App. 1998); *Luck*, 588 S.W.2d at 375; TEX. PENAL CODE ANN. § 2.03(d)).

Although the procedural facts of *Alcoser* are similar to the case before us, there are also critical distinctions. First are the conflicting application paragraphs.

Second, there is no instruction that properly places the burden of proof on the State to show beyond a reasonable doubt that appellant was not acting in self-defense. The trial court failed to inform the jury, or gave conflicting instructions without clarification, as to under what circumstances it should acquit the defendant of an offense based on self-defense. In *Alcoser*, the Court concluded Alcoser was not egregiously harmed as the erroneous jury charge did not vitally affect his defensive theory because

> although the jury charge did not contain an instruction that it must acquit Appellant if it found he acted in self-defense, defense counsel argued that the jury should acquit Appellant based on self-defense, and the charge included instructions on the presumption of innocence and informed the jury that the State bore the burden of disproving self-defense beyond a reasonable doubt.

*Id.* at 171; *see also Torres v. State*, No. 08-12-00096-CR, 2014 WL 4639401, at *5 (Tex. App.—El Paso Sept. 18, 2014, pet. ref'd) (mem. op., not designated for publication). In *Torres*, the trial court instructed the jury that it should acquit the defendant if it found by a preponderance of the evidence that he acted in self-defense. *See id.* at *3. Our sister court concluded that "[w]hile the charge does not explicitly place this burden of proof on Appellant, the only logical interpretation is that it was Appellant's burden." The State in *Torres* pointed to other statements in the charge, namely that the jury should acquit if it could not find defendant guilty beyond a reasonable doubt based on all the evidence. *Id.* at *4. The *Torres* court concluded that the statement "directly conflict[ed] with the application paragraph which inform[ed] the jury that they should acquit if self-defense had been proven by a

–10–

preponderance of the evidence." *Id.* Turning to the question of egregious harm, the court noted that although there was conflicting evidence as to self-defense, "[t]he jury was required to determine the credibility of the witnesses and resolve these conflicts in the evidence *in light of the erroneous instruction* which required the jury to reject Appellant's claim of self-defense if he failed to prove it by a preponderance of the evidence." *Id.* at *5 (emphasis added). The court further noted that the charge "did not permit the jury to acquit Appellant if they had a reasonable doubt as to whether he acted in self-defense." *Id.* Thus, the court concluded that the appellant had suffered egregious harm, reversed the appellant's conviction, and remanded for a new trial. *Id.*

Based upon *Alcoser* and *Torres*, we conclude that on this record the conflicting instructions in the jury charge as to self-defense are egregious as they "vitally affect a defensive theory." *See Alcoser*, 663 S.W.3d at 169; *Torres*, 2014 WL 4639401, at *5; *see also Lowry v. State*, 671 S.W.2d 601, 603 (Tex. App.— Dallas 1984) (concluding that error in giving conflicting instructions was not harmless because "[b]oth the State and appellant cannot carry the burden of proving a single issue" and "[t]he presence of a correct instruction does not cure the error of giving another inconsistent one"), *rev'd in part on other grounds*, 692 S.W.2d 86 (Tex. Crim. App. 1985).

The State argues that appellant was not egregiously harmed because he was not entitled to an instruction on self-defense in the first place. *See Almanza*, 686

–11–

S.W.2d at 171 (requiring consideration of the state of the evidence); *Allen v. State*, 253 S.W.3d 260, 267–68 (Tex. Crim. App. 2008) ("[I]n an egregious-harm analysis, it is appropriate to consider the plausibility of the evidence raising the defense, as at least one factor among others."). In support, the State points to the testimony of several witnesses who each testified that Menefee was trying to diffuse the situation and prevent a fight. Such testimony covers the time period starting with the argument between appellant and Dickerson at the motel and ending in the parking lot of the shopping center before Menefee began approaching appellant moments before the shooting. But the critical evidence we must consider is what happened next. The surveillance footage shows appellant initially walking away from Dickerson and Menefee but turning around to say something. Menefee, who was until this point standing still by the store, began approaching appellant. There is conflicting evidence as to what Menefee said as he approached. One witness, the owner of a barber shop in the shopping center, testified that he heard Menefee say, as he approached appellant, "if you're going to shoot me, shoot me." Another witness, a friend of Menefee's, testified that he did not hear Menefee say anything to appellant as he approached. Appellant himself testified that Menefee said, "you're not the only one with a gun."

Ordinarily, we would infer that the jury resolved this evidentiary conflict against appellant based on the jury's guilty verdict. *See, e.g.*, *Thompson v. State*, No. 05–12–00259–CR, 2014 WL 1477676, at *4 (Tex. App.—Dallas Apr. 14, 2014, no

–12–

pet.) (mem. op., not designated for publication) (where State presented evidence that conflicted with the defendant's version of the events, the jury was free to resolve any conflicts in the evidence against the defendant and to reject the defendant's claim of self-defense). However, we cannot do so here because, as our sister court explained in *Torres*, "[t]he jury was required to determine the credibility of the witnesses and resolve these conflicts in the evidence *in light of the erroneous instruction* which required the jury to reject Appellant's claim of self-defense if he failed to prove it by a preponderance of the evidence." *Torres*, 2014 WL 4639401, at *5 (emphasis added). It is impossible to say whether the jury convicted because it disbelieved appellant's version or alternatively because it believed appellant's version but concluded appellant failed to prove self-defense beyond a reasonable doubt. We therefore reject the State's argument that the evidence weighs against a finding of egregious harm.[5]

The State next contends that arguments of counsel weigh against a finding of egregious harm. *See Almanza*, 686 S.W.2d at 171 (requiring consideration of arguments of counsel). The State cites several instances of defense counsel and counsel for the State referring to the fact that the State has the burden to show guilt beyond a reasonable doubt. However, none of these statements refer to the burden

---

[5] We also reject the State's argument that, even if the jury could have believed appellant's version, appellant was still not entitled to a self-defense instruction because he used deadly force in response to verbal provocation alone. *See* TEX. PENAL CODE ANN. § 9.31(b). A reasonable jury could have concluded from the surveillance footage that appellant acted in self-defense not only in response to Menefee's verbal provocation, but also his approaching appellant.

–13–

to prove or disprove self-defense. That is the burden at issue, and the statements of counsel regarding the burden to prove guilt do not explain why the jury charge places the burden as to self-defense on appellant. We conclude that, at best, this factor is neutral.

Finally, the State points to the trial court's admonishment to the jury during voir dire as evidence against a finding of egregious harm. *See id.* (requiring consideration of any other relevant information revealed by the record). Specifically, during voir dire, a member of the venire panel stated that "if [appellant] doesn't want to testify, that's his business. But at the same time, the defense has to prove that he didn't do what he's being accused of." The trial court responded:

> Oh, no they don't. Now, I'll tell you this, look, I say that they could sit here on their hands and not do anything. Are they going to do that? Probably not. But they could. So -- but the way you say it, I just want to make sure you understand that they do not have a burden of proof. They do not have to show that he didn't do it. But I'll tell you this, what I think maybe you're thinking, if the State of Texas does their job, if they prove him guilty beyond a reasonable doubt and then the defense just sits there and does nothing, that would be a problem. Right? . . . . So -- but I'm just saying that they don't have a burden.

As with the previous factor, this statement is silent as to the burden to prove or disprove self-defense and therefore does not weigh in favor or against a finding of egregious harm.

Having considered the *Almanza* factors, we conclude that the error in the jury charge egregiously harmed appellant. *See Torres*, 2014 WL 4639401, at *5

## CONCLUSION

We sustain appellant's second issue. We reverse the trial court's judgment and remand this cause to the trial court for a new trial.

/Bonnie Lee Goldstein/

BONNIE LEE GOLDSTEIN
JUSTICE

Do Not Publish
Tex. R. App. P. 47.2(b)
220113F.U05



## Court of Appeals
## Fifth District of Texas at Dallas

**JUDGMENT**

DAVION VAN QUINN SCOTT,
Appellant

No. 05-22-00113-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 265th Judicial
District Court, Dallas County, Texas
Trial Court Cause No. F-2075064-R.
Opinion delivered by Justice
Goldstein. Justices Carlyle and
Kennedy participating.

Based on the Court's opinion of this date, the judgment of the trial court is **REVERSED** and the cause **REMANDED** for further proceedings consistent with this opinion.

Judgment entered this 6th day of February, 2024.