**Darren CLEMMONS, Appellant,**

v.

**The STATE of Texas, State.**

**No. 2–81–269–CR.**

Court of Appeals of Texas, Fort Worth.

Sept. 8, 1982.

William E. Burdock, Saginaw, for appellant.

Tim Curry, Dist. Atty. and Joe C. Lockhart, Asst. Dist. Atty., Fort Worth, the State.

Before HUGHES, RICHARD L. BROWN and HOLMAN, JJ.

## OPINION

HUGHES, Justice.

The appellant, Darren Clemmons, pleaded guilty to aggravated robbery and elected to have his punishment assessed by a jury. He submitted an application for probation. The trial court rejected his offer of a psychologist's testimony to the effect that probation would best serve the interests of appellant and society. Following the trial on punishment, the jury assessed appellant's punishment at imprisonment in the Texas Department of Corrections for a term of twelve years.

We affirm.

Outside the presence of the jury it was developed that appellant's witness, a licensed psychologist, was not called to testify as to appellant's prior convictions or his general reputation. Her testimony as to appellant's character disorders was based on a scientific examination she had conducted upon appellant.

As appellant was making his offer of proof outside the presence of the jury, this exchange took place:

"Q. From your testing of this individual, Doctor, and from your examination of other people, were you able to form an opinion as to whether or not this individual would benefit from incarceration in the penitentiary or Court-supervised probation?"

"A. Yes. I had an opportunity to do that."

"Q. All right. Did you arrive at a professional opinion which would be in the best interest of this individual?"

"A. Yes, I did."

"Q. What was that, Doctor?"

"A. Supervised probation, heavily supervised. I understood, from what you were saying to him earlier, that there is some latitude in how often the person can be required to see the adult probation officer."

"Q. Doctor, do you think that—or, do you have an opinion as to whether or not it would be—incarceration of this individual in the Department of Corrections at Huntsville, Texas, or wherever else it would be, would be advantageous to this individual's rehabilitation?"

"A. It is my opinion that it would not, that what would probably happen is that that would further his tendencies towards oppositionalism and his tendencies towards what we call an external definition of self, looking to other people for determination about how one is going to behave. It seems to me as though he and society would be detrimentally served by incarceration."

The State objected to the witness being allowed to testify as to the proper form of punishment on the ground that the expression of such an opinion would be an inva-

sion of the province of the jury. The State had no objection to the offer of the results of the examinations the witness had performed. The trial court ruled that the best form of punishment is a jury question and thus excluded the witness' opinion.

Appellant's first ground of error is that the trial court committed reversible error in excluding the witness' opinion as to the proper form of punishment.

Under V.A.C.C.P. art. 37.07 § (3)(a) (1981) evidence on the issue of punishment may be offered by the State and the defendant as to the prior criminal record of the defendant, his general reputation and his character. In *Allaben v. State*, 418 S.W.2d 517 (Tex.Cr.App.1967), it was held that evidence legally admissible to mitigate punishment or evidence that is relevant to the application for probation is also admissible.

Since the case of *Hopkins v. State*, 480 S.W.2d 212 (Tex.Cr.App.1972), Texas has repudiated the idea of excluding opinion testimony on the ground that it "invades the province of the jury". The court in *Hopkins* reasoned that prior cases resting on such a rule actually were based upon other rules of exclusion.

Before Texas repudiated the "invasion of the province of the jury" rule it was held not to be error to exclude an expert's opinion that it would be better for a defendant to be placed on probation. *Schulz v. State*, 446 S.W.2d 872 (Tex.Cr.App.1969). In reaching its conclusion that such an opinion would be an "invasion of the province of the jury" the court stated that allowing such testimony would open up a "battle of the experts". In *Hopkins* the court expressed a concern that, in some cases, conflicting opinions of experts do not benefit, but rather confuse, jurors. For instance, in this case admitting the appellant's witness' testimony would have invited the State to respond with its own expert witness. Where would this leave the jury?

There are more traditional means of demonstrating to the jury an accused's likelihood of more positively responding to probation as opposed to imprisonment. Here, appellant's counsel called appellant's parents and grandmother to attest to his being worthy of probation. Appellant himself testified to his understanding of the probation terms and his willingness to abide by them.

We hold that appellant was not denied fairness by the trial court's exclusion of the expert testimony. We overrule the first ground of error.

By his second ground of error appellant complains that the trial court erred in refusing the expert's testimony as to any matter other than appellant's reputation.

Our reading of the record shows that the trial court only ruled that the expert not be allowed to "tell this jury what her opinion is on whether he ought to go to the penitentiary or be put on probation." The trial court did not make the ruling complained of by appellant. We overrule the second ground of error.

The judgment of the trial court is affirmed.