**Julius E. GROSS, Jr., Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 6–86–080–CR.**

Court of Appeals of Texas,
Texarkana.

April 14, 1987.

James L. Clark, Naples, for appellant.

Charles M. Cobb, Dist. Atty., Mount Pleasant, for appellee.

CORNELIUS, Chief Justice.

Julius E. Gross, Jr. was convicted of indecency with a child and assessed punishment of twenty years confinement. On appeal he contends that the trial court erred in refusing to allow the victim to express an opinion as to whether Gross should receive a lenient sentence, in admitting a written inculpatory statement into evidence, and in instructing the jury on the parole laws. We overrule these contentions and affirm the judgment.

The State proved that Gross committed consensual sexual acts with a minor. At the punishment stage of the trial, Gross attempted to have the victim give his opinion that Gross should be given a lenient sentence, specifically the minimum sentence of two years. The trial court sustained the State's objection to the proffered opinion.[1]

The opinions of *nonexpert witnesses* are not admissible in criminal cases unless they are rationally based upon the witnesses' perception of the facts, and are helpful to clearly understand their testimony or to assist the fact finder in determin-

---

1. There is no contention that the State's objection was inadequate.

ing a fact in issue. Tex.R.Crim.Evid. 701.[2] In any event, such opinions are not admissible if they are legal conclusions, or if they amount to little more than the witnesses' choosing sides as to how the case should ultimately be decided. *See Boyde v. State,* 513 S.W.2d 588 (Tex.Crim.App.1974); *Spaulding v. State,* 505 S.W.2d 919 (Tex. Crim.App.1974); *Villarreal v. State,* 429 S.W.2d 508 (Tex.Crim.App.1968); *Huffman v. State,* 691 S.W.2d 726 (Tex.App.–Austin 1985, no pet.); 24 Tex.Jur.3d *Criminal Law* §§ 3237, 3238 (1982); *see also, United States v. Phillips,* 600 F.2d 535 (5th Cir. 1979); *United States v. Masson,* 582 F.2d 961 (5th Cir.1978); Fed.R.Evid. 701. On the question of punishment such opinions have little value, because the witnesses are in no better position to form an opinion than the jury itself, and the allowance of such opinions in evidence would constitute merely an appeal to sympathy or prejudice, and would tend to suggest that the jurors may shift their responsibility to the witnesses. *McCormick on Evidence* § 12, at 30–31 (3d ed. 1984). The proffered opinion of the minor victim here comes within that category,[3] and the trial court correctly refused to admit it. Additionally, we note that three other witnesses, without objection, gave their opinion that Gross should have a "light sentence," so the excluded evidence would have been cumulative in any event.

Gross surrendered to the officers on October 19 and was taken before a magistrate where he was given his *Miranda*[4] warnings and bond was set. He was then incarcerated in the Morris County jail. On the next day, he was interviewed by an officer who again read him his rights. At that point Gross signed a written statement relating events which transpired at the time of the alleged offense, but which did not expressly admit the offense charged against him. On October 22, Gross gave a

second statement to Sheriff Joe Skipper which made some corrections in the first statement and in which he admitted the act charged against him. Gross contends that the second statement should not have been admitted into evidence because before making it he had requested the assistance of an attorney.

The trial court conducted a *Jackson v. Denno*[5] hearing and filed findings of fact and conclusions of law to the effect that Gross freely and intelligently waived all of his rights, including the right to counsel, and that the second statement was voluntarily given.

The evidence at the hearing was conflicting. Gross testified that he asked for an attorney after the first statement but before the second one, and that he was told by the officers that he would have to wait until a judge could appoint an attorney for him. Four witnesses, including Sheriff Skipper who took the second statement, all testified that Gross was fully advised of his right to have an attorney and to terminate the interview, and that he never requested either.

In his brief, Gross places great importance upon the testimony of some of the officers that when an inmate requested to talk to an attorney all they did was let him use the telephone, and that they never secured an attorney for anyone. However, the entire testimony of Sheriff Skipper and the others made clear their contention that Gross never requested an attorney, and if he had done so they would have immediately terminated the interview and any further questioning.

The trial judge is the judge of the credibility of the testimony in a *Jackson v. Denno* hearing. *White v. State,* 591 S.W.2d 851 (Tex.Crim.App.1979); *Aranda v. State,* 506 S.W.2d 221 (Tex.Crim.App.

---

**2.** This case was tried before the effective date of Rule 701, but the rule essentially codified the prior law on this subject, possibly broadening it slightly. *See* 24 Tex.Jur.3d *Criminal Law* § 3232 (1982) for a discussion of the prior law.

**3.** The State does not argue on appeal that the excluded opinion would "invade the province of

the jury," a concept long ago rejected. *Hopkins v. State,* 480 S.W.2d 212 (Tex.Crim.App.1972).

**4.** *Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

**5.** *Jackson v. Denno,* 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908 (1964).

1974). There is sufficient evidence in this case to support the trial judge's finding that Gross waived his right to counsel before giving the second statement.

■ Gross also challenges the trial court's instructions to the jury regarding the law of parole as violating the separation of powers doctrine of the Texas Constitution. We agree with our sister courts that the instructions are not unconstitutional and do not violate the separation of powers doctrine. *See Sanders v. State,* 727 S.W.2d 670 (Tex.App.–Texarkana 1987, no pet.); *Rose v. State,* 724 S.W.2d 832 (Tex. App.–Dallas, 1986, pet. granted); *Joslin v. State,* 722 S.W.2d 725 (Tex.App.–Dallas, 1986, no pet.); *Patton v. State,* 717 S.W.2d 772 (Tex.App.–Fort Worth 1986, no pet.).

For the reasons stated, the judgment of the trial court is affirmed.

BLEIL, Justice.

I join in the majority's decision but disagree with the majority's apparent conclusion that an application of Rule 701 requires exclusion of the victim's opinion testimony that Gross should be given a lenient sentence.[1]

Cases such as *Boyde v. State,* 513 S.W.2d 588 (Tex.Crim.App.1974); *Spaulding v. State,* 505 S.W.2d 919 (Tex.Crim. App.1974); and *Villarreal v. State,* 429 S.W.2d 508 (Tex.Crim.App.1968), decided more than a decade before the adoption of

the Rules, are not persuasive authority for interpreting the Texas Rules of Criminal Evidence. The cited sections of Texas Jurisprudence 3d provide no authority for interpreting the Rules because they predate the Rules. Further, the cited sections seem barely relevant, and do not purport to address the Rules. *McCormick on Evidence* § 11 (3d ed. 1984), in discussing lay opinions—like the one excluded below—provides:

> [O]pinions of laymen should be rejected only when they are superfluous in the sense that they will be of no value to the jury. The value of opinions to the jury is the principal test of Federal Rule of Evidence and Revised Uniform Rule of Evidence (1974) 701.[2]

To the extent that the majority holds the victim's opinion concerning an appropriate sentence is inadmissible, under Tex.R.Crim. Evid. 701, I disagree. Were Rule 701 applicable, I would hold the victim's opinion admissible within the broad discretion of the trial court. I cannot join in any analysis of the Rules based on a bald assertion that the Rules merely codified the existing law.

GRANT, Justice, concurring.

I concur with the majority opinion.

The thrust of the State's objection to the question propounded to the victim concerning punishment was that the answer would invade the province of the jury.[1] This was not a proper objection. Since the case of *Hopkins v. State,* 480 S.W.2d 212 (Tex.

---

**1.** The Texas Rules of Criminal Evidence became effective September 1, 1986.

Rule 701 provides:

> If the witness is not testifying as an expert, his testimony in the form of opinions or inferences is limited to those opinions or inferences which are (a) rationally based on the perception of the witness and (b) helpful to a clear understanding of his testimony or the determination of a fact in issue.

Rule 704 provides:

> Testimony in the form of an opinion or inference otherwise admissible is not objectionable because it embraces an ultimate issue to be decided by the trier of fact.

**2.** The ultimate paragraph in *McCormick* § 12 (cited by the majority) concludes by saying that:

> On the whole, it is thought that the danger that these questions phrased in terms of "legal

conclusions" will be understood as calling for a conclusion or opinion of law is very slight, since they will seldom be asked except when the popular meaning is approximately the same as the legal meaning. In a jurisdiction where there is no general rule against opinions on the ultimate issue, it seems that a request by the adversary that the questioner define his terms should be the only recourse. *McCormick on Evidence* § 12, at 32 (3d ed. 1984).

**1.** The State's objection was as follows:

> Your Honor, the State's objection would be that all those questions would go to a matter that's in the sole discretion of the Jury and would be based on opinion considerations in the form of the answers that would invade that Jury province.

Crim.App.1972), Texas courts have consistently held in criminal cases that evidence cannot be excluded on the basis that it invades the province of the jury. The purpose, however, for requiring that a specific ground for the objection be stated is so that the trial court can understand the basis for the objection. Rule 103(a)(1) of the Rules of Criminal Evidence provides that the specific ground does not have to be stated when it is apparent from the context. (The Rules of Criminal Evidence were not in effect at the time this case was tried, but the purpose for stating the specific ground of objection has not changed.) The trial court's ruling on the objection reflected an understanding that the basis of the objection was to prevent the witness from expressing an opinion on the matter. The trial court did not couch its ruling in terms of not allowing an invasion of the province of the jury.[2]

At the punishment stage of the trial, evidence which suggests a mitigation of punishment or which is relevant to an application for probation is admissible. *Allaben v. State*, 418 S.W.2d 517 (Tex.Crim.App. 1967). For example, this could include evidence which might demonstrate to the jury an accused's likelihood of responding positively to probation as opposed to imprisonment and his understanding of the terms of probation and his willingness to abide by them. *Clemmons v. State*, 638 S.W.2d 657 (Tex.App.–Fort Worth 1982, no pet.). Admissible evidence could also include conduct of an accused which demonstrates that he has been rehabilitated since the crime. The admission of such evidence, however, would not require admission of a conclusionary opinion as to leniency, because it would not be beneficial to the jury, and a trial court could properly exclude it as it did in this case.

---

2. The court's ruling on the objection was as follows:

> I'm going to sustain the objection as to any opinion by this Defendant that the Defendant should be given a lenient sentence, specifically that he should be given the minimum sentence of two years. As far as his opinion as to whether or not his uncle is rehabilitated or changed his ways, I'll let you put that on if you want to.