MARY'S OPINION HEADING 









                                                NO.
12-04-00291-CR

 

IN THE COURT OF APPEALS 

 

TWELFTH COURT OF APPEALS
DISTRICT

 

TYLER,
TEXAS

TAMMIE DEAN LOVELL, §                      APPEAL
FROM THE 349TH

APPELLANT

 

V.        §                      JUDICIAL
DISTRICT COURT OF

 

THE
STATE OF TEXAS,

APPELLEE   §                      HOUSTON
COUNTY, TEXAS

                                                                                                                                                           


MEMORANDUM
OPINION

            A jury convicted Appellant Tammy Dean Lovell of
interference with child custody and the trial court assessed her punishment at
360 days of confinement.  In two issues,
Appellant contends that the trial court reversibly erred in overruling her
objections to certain testimony.  We
affirm.

 

Background

            Appellant and Gary Lovell are the parents of a daughter,
J.B.L., who was born May 18, 2000. 
Appellant and Gary were married for only a short time and divorced in
January 2001.  Gary Lovell was named
managing conservator, and Appellant was named possessory conservator.  In December of 2002, a modification order was
entered that named Gary and Appellant joint managing conservators and included
a standard possession order.  According
to the order, Appellant had possession of J.B.L. the first, third, and fifth
weekends of each month.








            On the afternoon of Friday, October 24, 2003,[1]








 the headmaster of Jordan School reported that Appellant
had appeared at the school and taken J.B.L. without permission.  Crockett Police Officer Ben Gardner was
dispatched to the school to assist in the investigation.  The child was eventually returned after seven
days.  A probable cause affidavit was
presented to a magistrate, and an arrest warrant was issued for Appellant.

            Appellant was charged by indictment with the offense of
interference with child custody.  See Tex. Pen. Code Ann. § 25.03(a)(1)
(Vernon 2003).  A jury found Appellant
guilty of the offense charged, and the trial court assessed her punishment at
360 days of confinement.  This appeal
followed.

 

Opinion Testimony

            In her first issue, Appellant contends the trial court
erred in failing to grant her objection to Officer Gardner’s testimony
regarding her guilt or innocence because this was a conclusion to be reached by
the jury.  The State contends that
Appellant has forfeited her complaint about the testimony because her objection
at trial does not comport with her complaint on appeal.  In addition, the State argues that during
Appellant’s cross examination of Gardner, she proffered the same evidence she
now complains of on appeal.

            Appellant complains about the following testimony:  

 

[PROSECUTOR]:                Q.            Now,
officer, you filed charges of interference with child custody, did you not?

 

[GARDNER]:                       A.            Yes,
sir.

 

[PROSECUTOR]:                Q.            Do
you feel based on your investigation that she violated the law?

 

                [DEFENSE
COUNSEL]:     Your Honor, I am going to
object.  That calls for a legal
conclusion.

 

                [THE
COURT]:                    Overruled.

 

[GARDNER]:                       A.            Will
you repeat the question again, please.

 

[PROSECUTOR]:                Q.            You
filed charges, interference with child custody?

 

[GARDNER]:                       A.            After
talking to the D.A., yes.

 

[PROSECUTOR]:                Q.            Based
on your investigation, do you feel that she violated the law?

 

[GARDNER]:                       A.            Yes.

 

 

Defense counsel’s cross
examination of Gardner included the following exchange:

 

[DEFENSE COUNSEL]:     Q.            Okay.  This is a copy of the court documents that
you were relying on; is it not?  You gave
your opinion, I suppose an expert opinion on criminal acts, that you believed a
criminal act was committed?

 

[GARDNER]:                       A.            Yes,
ma’am, and referring [sic] with the D.A.

 

 

Error Preservation

            The State asserts that Appellant failed to comply with
Texas Rule of Appellate Procedure 33.1 because Appellant did not bring the
alleged error to the trial court’s attention with sufficient specificity to
make the trial court aware of the complaint. 
To preserve a complaint for our review, a party must have presented to
the trial court a timely request, objection, or motion that states the specific
grounds for the desired ruling if they are not apparent from the context of the
request, objection, or motion.  Tex. R. App. P. 33.1(a)(1); Ethington
v. State, 819 S.W.2d 854, 858 (Tex. Crim. App. 1991).  Further, the trial court must have ruled on
the request, objection, or motion, either expressly or implicitly, or the
complaining party must have objected to the trial court’s refusal to rule.  Tex.
R. App. P. 33.1(a)(2); Mendez v. State, 138 S.W.3d 334,
341 (Tex. Crim. App. 2004).  In the
instant case, an objection was made and the court ruled on the objection.  Although the complaint now raised by Appellant
may be characterized as somewhat different than the objection at trial, we
conclude that it is not so different as to preclude our consideration of the
issue.  We also conclude that error was
not forfeited by defense counsel’s mere restatement of the objectionable
testimony.

Standard of Review

            We review a trial court’s ruling admitting testimony
under an abuse of discretion standard, meaning that we will uphold the trial
court’s decision if it is within “the zone of reasonable disagreement.”  Torres v. State, 71 S.W.3d 758,
760 (Tex. Crim. App. 2002).  We review
the trial court’s ruling in light of the evidence before the trial court when
the ruling was made.  Carrasco v.
State, 154 S.W.3d 127, 129 (Tex. Crim. App. 2005).

Applicable Law

            The opinion of a nonexpert witness is not admissible
unless the opinion is (a) rationally based on the perception of the witness and
(b) helpful to a clear understanding of the witness’s testimony or the
determination of a fact in issue.  Tex. R. Evid. 701.  If the opinion is otherwise admissible, the
testimony is not objectionable because it embraces an ultimate issue to be
decided by the trier of fact.  Tex. R. Evid. 704.  However, an opinion is inadmissible if it is
a legal conclusion or amounts to little more than choosing sides as to how the
case should be ultimately decided.  Gross
v. State, 730 S.W.2d 104, 106 (Tex. App.–Texarkana 1987, no pet.).  The expression of guilt or innocence in any
case is a conclusion to be reached by the jury based upon the instruction given
them in the court’s charge, coupled with the evidence admitted by the judge
through the course of the trial.  Boyde
v. State, 513 S.W.2d 588, 590 (Tex. Crim. App. 1974).  No witness is competent to voice an opinion
as to guilt or innocence.  Id.  

Analysis

            Here, Gardner was asked whether he felt, based upon his
investigation, that Appellant violated the law. 
He answered the question in the affirmative.  Although Gardner did not use the word “guilty,”
his statement that he believed Appellant violated the law is, in substance, an
opinion that he believes Appellant is guilty. 
Therefore, the trial court should have sustained Appellant’s
objection.  See Huffman v. State,
691 S.W.2d 726, 730 (Tex. App.–Austin 1985, no pet.) (error to ask deputy
sheriff if he felt a crime had been committed where appellant claimed he shot
victim in self defense).  However, a
trial court’s error in admitting evidence should be disregarded unless the
error affected Appellant’s substantial rights. 
See Tex. R. App. P. 44.2(b).  A substantial right is affected when the
error had a substantial and injurious effect or influence in the determination
of the jury’s verdict.  King v.
State, 953 S.W.2d 266, 271 (Tex. Crim. App. 1997).  An accused’s substantial rights are not
affected by the erroneous admission of evidence if the court, after examining
the  whole record, has fair assurance
that the error did not influence the jury or had but a slight effect.  Solomon v. State, 49 S.W.3d
356, 365 (Tex. Crim. App. 2001).  








            A person interferes with child custody if the person
takes or retains a child younger than 18 years when the person knows that the
taking or retention violates the express terms of a judgment or order of a
court disposing of the child’s custody.  Tex. Pen. Code Ann. § 25.03(a)(1).  The State introduced the modification order
into evidence.  The order gave Appellant
possession of J.B.L. on the first, third, and fifth weekends of each
month.  Gary Lovell testified that
Appellant lives in the Houston area.  He
said that he and Appellant had agreed during July, August, and September that
Appellant could have J.B.L. for seven consecutive days each month instead of
the weekend possession.  In each of those
months, Appellant called and requested specific dates for her seven days.  If there was a problem with the dates, Lovell
would call her back.  Lovell testified
that in early October, Appellant left a message on his answering machine that
she wanted to pick up J.B.L. on Sunday, October 26, 2003,  to exercise her seven day visitation.  Appellant left a second message on October 24
saying that she would pick up J.B.L. on Saturday, October 25.[2]  Lovell testified that he called Appellant and
told her she could not pick up J.B.L. on Saturday because J.B.L. had other
activities scheduled.  He further
testified that, while talking to Appellant, he replayed the earlier message in
which Appellant asked to pick up J.B.L. on October 26.   He stated that Appellant became angry and
hung up.

            Appellant admitted that, according to the modification
order, she was to have possession of J.B.L. the first, third, and fifth
weekends of each month.  She also
confirmed that she had requested possession of J.B.L. for the last week of
October.  She disputed Lovell’s
recollection of her first message, stating that she said in the message that
she would like to have J.B.L. on “Friday the 26th through Friday the 31st.”  Three witnesses, including the Houston County
Sheriff and the investigator for the district attorney’s office, testified that
they heard the first message.  Each
confirmed that Appellant said she would pick up J.B.L. on Sunday and not on
Friday as Appellant maintained.  She admitted
that the second message was her voice, but stated that she did not remember
making the call.             Considering
the challenged testimony in light of the entire record, we conclude that the
improperly admitted evidence had no substantial or injurious effect on the jury’s
determination of the verdict.  Appellant’s
first issue is overruled.

 

Extraneous Offense Testimony

            In her second issue, Appellant argues that the trial
court erred when it failed to sustain Appellant’s objection to testimony
concerning Appellant’s custody of her children. 
Specifically, she complains about the testimony from her father, William
Reece, which was admitted over Appellant’s objection.  Defense counsel objected to the evidence as “going
beyond the scope of this case.  This is
not relevant and it is prejudicial.” 
Appellant states that she provided the prosecution with Notice and
Request for Admission of Extraneous Facts, and the prosecution failed to comply
with that request.  The State counters
that Appellant’s second issue is moot because the record, as supplemented,
contains the State’s Notice and three Supplemental Notices.  We received the record of the State’s notices
on February 17, 2005.  After a review of
the complete record, we agree with the State that Appellant’s complaints as set
out in her second issue are moot.

 

Conclusion

            Having overruled Appellant’s first issue and having found
her second issue moot, we affirm the judgment of the trial court.

                                                                                                    DIANE DEVASTO   

                                                                                                                 Justice

 

 

Opinion
delivered March 22, 2006.

Panel
consisted of Worthen, C.J., Griffith, J., and DeVasto, J.

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

(DO NOT PUBLISH)











[1] We
note that October 24, 2003 was the fourth weekend of the month.





[2] The
first message was not played for the jury because it had been inadvertently
erased after the tape was turned over to the investigator.  The second message was played for the jury.