MARY'S OPINION HEADING 













NO. 12-04-00291-CR

 

IN THE COURT OF APPEALS 

 

TWELFTH COURT OF APPEALS
DISTRICT

 

TYLER, TEXAS

TAMMIE DEAN LOVELL,                         §                      APPEAL FROM THE 349TH

APPELLANT

 

V.                                                                    §                      JUDICIAL DISTRICT COURT OF

 

THE
STATE OF TEXAS,

APPELLEE                                                   §                      HOUSTON COUNTY, TEXAS

                                                                                                                                                           


MEMORANDUM
OPINION

            Pursuant to Texas Rule of Appellate Procedure 50, we
withdraw our opinion of March 22, 2006 and substitute the following opinion in
its place.

            A jury convicted Appellant Tammy Dean Lovell of
interference with child custody, and the trial court assessed her punishment at
360 days of confinement.  In two issues,
Appellant contends that the trial court reversibly erred in overruling her
objections to certain testimony.  We
affirm.

 

Background

            Appellant and Gary Lovell are the parents of a daughter,
J.B.L., who was born May 18, 2000. 
Appellant and Gary
were married for only a short time and divorced in January 2001.  Gary Lovell was named managing conservator,
and Appellant was named possessory conservator. 
In December of 2002, a modification order was entered that named Gary
and Appellant joint managing conservators and included a standard possession
order.  According to the order, Appellant
had possession of J.B.L. the first, third, and fifth weekends of each month.








            On the afternoon of Friday, October 24, 2003,[1] the
headmaster of Jordan
 School reported that
Appellant had appeared at the school and taken J.B.L. without permission.  Crockett Police Officer Ben Gardner was
dispatched to the school to assist in the investigation.  The child was eventually returned after seven
days.  A probable cause affidavit was
presented to a magistrate, and an arrest warrant was issued for Appellant.

            Appellant was charged by indictment with the offense of
interference with child custody.  See Tex. Pen. Code Ann. § 25.03(a)(1)
(Vernon 2003).  A jury found Appellant
guilty of the offense charged, and the trial court assessed her punishment at
360 days of confinement.  This appeal
followed.

 

Opinion Testimony

            In her first issue, Appellant contends the trial court
erred in failing to grant her objection to Officer Gardner’s testimony
regarding her guilt or innocence because this was a conclusion to be reached by
the jury.  The State contends that
Appellant has forfeited her complaint about the testimony because her objection
at trial does not comport with her complaint on appeal.  In addition, the State argues that during
Appellant’s cross examination of Gardner,
she proffered the same evidence she now complains of on appeal.

            Appellant complains about the following testimony:  

 

[PROSECUTOR]:                Q.            Now,
officer, you filed charges of interference with child custody, did you not?

 

[GARDNER]:                       A.            Yes, sir.

 

[PROSECUTOR]:                Q.            Do
you feel based on your investigation that she violated the law?

 

                [DEFENSE
COUNSEL]:     Your Honor, I am going to
object.  That calls for a legal
conclusion.

 

                [THE
COURT]:                    Overruled.

 

[GARDNER]:                       A.            Will you repeat the question again, please.

 

[PROSECUTOR]:                Q.            You
filed charges, interference with child custody?

 

[GARDNER]:                       A.            After talking to the D.A., yes.

 

[PROSECUTOR]:                Q.            Based
on your investigation, do you feel that she violated the law?

 

[GARDNER]:                       A.            Yes.

 

 

Defense counsel’s cross
examination of Gardner
included the following exchange:

 

[DEFENSE COUNSEL]:     Q.            Okay.  This is a copy of the court documents that
you were relying on; is it not?  You gave
your opinion, I suppose an expert opinion on criminal acts, that you believed a
criminal act was committed?

 

[GARDNER]:                       A.            Yes, ma’am, and referring [sic] with the D.A.

 

 

Error Preservation

            The State asserts that Appellant failed to comply with
Texas Rule of Appellate Procedure 33.1 because Appellant did not bring the
alleged error to the trial court’s attention with sufficient specificity to make
the trial court aware of the complaint. 
To preserve a complaint for our review, a party must have presented to
the trial court a timely request, objection, or motion that states the specific
grounds for the desired ruling if they are not apparent from the context of the
request, objection, or motion.  Tex. R. App. P. 33.1(a)(1); Ethington
v. State, 819 S.W.2d 854, 858 (Tex. Crim. App. 1991).  Further, the trial court must have ruled on
the request, objection, or motion, either expressly or implicitly, or the
complaining party must have objected to the trial court’s refusal to rule.  Tex.
R. App. P. 33.1(a)(2); Mendez v. State, 138 S.W.3d 334,
341 (Tex.
Crim. App. 2004).  In the instant case,
an objection was made and the court ruled on the objection.  Although the complaint now raised by
Appellant may be characterized as somewhat different than the objection at
trial, we conclude that it is not so different as to preclude our consideration
of the issue.  We also conclude that
error was not forfeited by defense counsel’s mere restatement of the
objectionable testimony.

Standard of Review

            We review a trial court’s ruling admitting testimony
under an abuse of discretion standard, meaning that we will uphold the trial
court’s decision if it is within “the zone of reasonable disagreement.”  Torres v. State, 71 S.W.3d 758,
760 (Tex.
Crim. App. 2002).  We review the trial
court’s ruling in light of the evidence before the trial court when the ruling
was made.  Carrasco v. State,
154 S.W.3d 127, 129 (Tex.
Crim. App. 2005).

Applicable Law

            The opinion of a nonexpert witness is not admissible
unless the opinion is (a) rationally based on the perception of the witness and
(b) helpful to a clear understanding of the witness’s testimony or the
determination of a fact in issue.  Tex. R. Evid. 701.  If the opinion is otherwise admissible, the
testimony is not objectionable because it embraces an ultimate issue to be
decided by the trier of fact.  Tex. R. Evid. 704.  However, an opinion is inadmissible if it is
a legal conclusion or amounts to little more than choosing sides as to how the
case should be ultimately decided.  Gross
v. State, 730 S.W.2d 104, 106 (Tex. App.–Texarkana 1987, no pet.).  The expression of guilt or innocence in any
case is a conclusion to be reached by the jury based upon the instruction given
them in the court’s charge, coupled with the evidence admitted by the judge
through the course of the trial.  Boyde
v. State, 513 S.W.2d 588, 590 (Tex. Crim. App. 1974).  No witness is competent to voice an opinion
as to guilt or innocence.  Id.  

Analysis








            Here, Gardner
was asked whether he felt, based upon his investigation, that Appellant
violated the law.  He answered the
question in the affirmative.  Although Gardner did not use the
word “guilty,” his statement that he believed Appellant violated the law is, in
substance, an opinion that he believes Appellant is guilty.  Therefore, the trial court should have
sustained Appellant’s objection.  See Huffman
v. State, 691 S.W.2d 726, 730 (Tex. App.–Austin 1985, no pet.) (error
to ask deputy sheriff if he felt a crime had been committed where appellant
claimed he shot victim in self defense). 
However, a trial court’s error in admitting evidence should be
disregarded unless the error affected Appellant’s substantial rights.  See Tex.
R. App. P. 44.2(b).  A substantial
right is affected when the error had a substantial and injurious effect or
influence in the determination of the jury’s verdict.  King v. State, 953 S.W.2d 266,
271 (Tex. Crim. App. 1997).  An accused’s
substantial rights are not affected by the erroneous admission of evidence if
the court, after examining the  whole
record, has fair assurance that the error did not influence the jury or had but
a slight effect.  Solomon v. State,
49 S.W.3d 356, 365 (Tex.
Crim. App. 2001).

            A person interferes with child custody if the person
takes or retains a child younger than 18 years when the person knows that the
taking or retention violates the express terms of a judgment or order of a
court disposing of the child’s custody.  Tex. Pen. Code Ann. § 25.03(a)(1).  The State introduced the modification order
into evidence.  The order gave Appellant
possession of J.B.L. on the first, third, and fifth weekends of each month.  Gary Lovell testified that Appellant lives in
the Houston
area.  He said that he and Appellant had
agreed during July, August, and September that Appellant could have J.B.L. for
seven consecutive days each month instead of the weekend possession.  In each of those months, Appellant called and
requested specific dates for her seven days. 
If there was a problem with the dates, Lovell would call her back.  Lovell testified that in early October,
Appellant left a message on his answering machine that she wanted to pick up
J.B.L. on Sunday, October 26, 2003,  to
exercise her seven day visitation. 
Appellant left a second message on October 24 saying that she would pick
up J.B.L. on Saturday, October 25.[2] 
Lovell testified that he called Appellant and told her she could not
pick up J.B.L. on Saturday because J.B.L. had other activities scheduled.  He further testified that, while talking to
Appellant, he replayed the earlier message in which Appellant asked to pick up
J.B.L. on October 26.   He stated that
Appellant became angry and hung up.

            Appellant admitted that, according to the modification
order, she was to have possession of J.B.L. the first, third, and fifth
weekends of each month.  The day she
picked up J.B.L., October 24, 2003, was the fourth weekend of the month.  Consequently, Appellant’s own testimony
establishes that her taking possession of J.B.L. on October 24 was contrary to
the terms of the modification order.  She
contends, however, that she had requested possession for October 24 according
to the arrangement she and Lovell had established during the summer.  She also confirmed that she had requested
possession of J.B.L. for the last week of October.  She testified that her first message was that
she would like to have J.B.L. on “Friday the 26th through Friday the 31st,” not
on Sunday, October 26, as Lovell had testified. 
Thus, according to Appellant’s recollection, she requested to pick up
J.B.L. on Friday, October 24, but mistakenly said “Friday the 26th.”  She admitted that the second message was her
voice, but stated that she did not remember making the call.  The contents of the first message were
critical to Appellant’s contention that she had permission to pick up
J.B.L.  However, three witnesses, in
addition to Lovell, testified that they heard the first message.  Each confirmed that Appellant said she would
pick up J.B.L. on Sunday and not on Friday as Appellant maintained.  The testimonies of Appellant, Lovell, and the
three witnesses who confirmed Lovell’s recollection of the first message
provided overwhelming evidence to support the jury’s verdict.

            We also note that Gardner
was not the only law enforcement officer whose testimony was unfavorable to
Appellant.  Two of the witnesses whose
testimony supported Lovell’s recollection of the first message were the Houston
County Sheriff and the investigator for the district attorney’s office.  Their testimonies confirmed Lovell’s
recollection about the first message and also served to challenge Appellant’s
credibility.  Moreover, Gardner did not
hold himself out as an expert on the subject of Appellant’s guilt or innocence
or represent that he was in a better position to assess Appellant’s guilt than
the jury.[3]  During closing argument, the prosecutor
identified Gardner and others as neutral witnesses.  He pointed out that 

 

[y]ou
heard from Ben Gardner, [and another witness], how seriously they took these
charges.  You heard about their efforts
with regard to not only in this county trying to find the child and trying to
find the defendant in this case, but also giving notice in other counties,
trying to find out where she lived down there in Harris County,
trying to get deputies from that county to go by and look.

 

He made no reference to Gardner’s testimony about
his belief that Appellant had violated the law.

            Appellant states in her brief that “the testimony of a
police officer (fact witness) as to the guilt of the accused is prejudicial and
would have the effect of influencing the jury.” 
However, she does not specify how the admission of Gardner’s opinion prejudiced her.  Based upon our consideration of the entire
record, we conclude that the improperly admitted evidence had no substantial or
injurious effect on the jury’s determination of the verdict.  Appellant’s first issue is overruled.

 

Extraneous Offense Testimony

            In her second issue, Appellant argues that the trial
court erred when it failed to sustain Appellant’s objection to testimony
concerning Appellant’s custody of her children. 
Specifically, she complains about the testimony from her father, William
Reece, which was admitted over Appellant’s objection.  Defense counsel objected to the evidence as “going
beyond the scope of this case.  This is not
relevant and it is prejudicial.” 
Appellant states that she provided the prosecution with Notice and
Request for Admission of Extraneous Facts, and the prosecution failed to comply
with that request.  The State counters
that Appellant’s second issue is moot because the record, as supplemented,
contains the State’s Notice and three Supplemental Notices.  We received the record of the State’s notices
on February 17, 2005.  After a review of
the complete record, we agree with the State that Appellant’s complaints as set
out in her second issue are moot.

 

Conclusion

            Having overruled Appellant’s first issue and having found
her second issue moot, we affirm the judgment of the trial court.

 

                                                                                                   JAMES T. WORTHEN   

                                                                                                               Chief Justice

 

 

 

Opinion
delivered July 12, 2006.

Panel
consisted of Worthen, C.J. and Griffith, J.

 

 

 

 

(DO NOT PUBLISH)











[1] We
note that October 24, 2003 was the fourth weekend of the month.





[2] The
first message was not played for the jury because it had been inadvertently
erased after the tape was turned over to the investigator.  The second message was played for the jury.





[3]  Appellant notes in her brief that Gardner testified as a “fact
witness.”  The only reference to Gardner as an expert came
from Appellant’s trial counsel during the following exchange:

 

[DEFENSE COUNSEL]:     This is a copy of the court documents that you were relying on;
is it not?  You gave your opinion, I
suppose an expert opinion on criminal acts, that you believed a criminal act
was committed?

 

[GARDNER]:                       Yes, ma’am, and referring
[sic] with the D.A.

 

We interpret
trial counsel’s reference to Gardner’s
expert status as more of an assumption than a question.  Gardner’s
answer does not clearly indicate that he characterized himself as an expert
witness.